**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 4, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

JAYMEE BARRINGTON,

     Plaintiff - Appellant,

v.

UNITED AIRLINES, INC.,

     Defendant - Appellee.

No. 16-1292
(D.C. No. 1:15-CV-00590-CMA-CBS)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **HOLMES**, and **BACHARACH**, Circuit Judges.
_____

Ms. Jaymee Barrington sued United Airlines, Inc. under Title VII of the Civil Rights Act of 1964, claiming gender-based discrimination and retaliation. After a trial, the jury rendered a verdict for United on both claims, and the district court entered a final judgment. Ms. Barrington appeals, arguing that the district court erroneously failed to instruct the jury on pretext. We agree.

---

[*] This order and judgment does not constitute binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. But our order and judgment may be cited for its persuasive value under Fed. R. App. P. 32.1(a) and 10th Cir. R. 32.1(A).

## I. The Standard of Review

In this appeal, we apply the abuse-of-discretion standard. *Cordova v. City of Albuquerque*, 816 F.3d 645, 660 (10th Cir. 2016).

## II. The General Need for a Pretext Instruction

When an employer has provided an innocent explanation for the adverse action and the employee presents evidence of pretext, the jury may infer that the employer acted with discriminatory intent. *Reynolds v. Sch. Dist. No. 1*, 69 F.3d 1523, 1533 (10th Cir. 1995). In light of the availability of this inference, the district court must instruct the jury that it may infer discriminatory intent from pretext if one can reasonably regard the defendant's explanation as false. *Townsend v. Lumbermens Mut. Cas. Co.*, 294 F.3d 1232, 1241 (10th Cir. 2002). When a pretext instruction is requested and supported, omission of the instruction requires reversal. *Id.*

## III. Ms. Barrington's Evidence of Pretext

At the time of the underlying events, Ms. Barrington had worked at United for approximately 25 years. In 2011, she became an Airport Operations Ramp Supervisor in Denver, Colorado. In her 2011 performance review, Ms. Barrington received satisfactory or positive evaluations in all categories.

But in roughly mid-2012, Ms. Barrington complained that United was engaging in gender discrimination. Following these complaints, Ms. Barrington's 2012 evaluation contained poor ratings in nearly every

category. Ms. Barrington believed that this poor review rendered her ineligible for future promotions. This belief led Ms. Barrington to sue United for gender discrimination and retaliation.

At trial, the district court allowed Ms. Barrington to argue pretext but declined to instruct the jury on pretext, reasoning that Ms. Barrington's evidence related to the elements of her claims rather than to pretext. In our view, however, a reasonable jury could find pretext based on Ms. Barrington's evidence.

\* \* \*

Pretext involves the falsity of the employer's explanation. *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 147 (2000). Thus, we must consider Ms. Barrington's evidence challenging the truthfulness of United's explanation for Ms. Barrington's poor evaluation in 2012. As noted above, the district court had to give a pretext instruction if a reasonable jury could find that United's justification for Ms. Barrington's evaluation constituted a pretext for discrimination. *Townsend v. Lumbermens Mut. Cas. Co.*, 294 F.3d 1232, 1241 (10th Cir. 2002).

The 2012 evaluation was administered by Mr. Ken Brown, United's Director of Airport Operations, Policies, and Procedures. Mr. Brown stated that Ms. Barrington had failed to consistently meet expectations in nearly every category: "Focusing on the Future Delivering Today," "Building on

3

Dignity and Respect," "Powering through Teamwork," "Making the Difference," and "Fostering Open, Honest and Direct Communication."[1]

At trial, United defended the 2012 evaluation based on Mr. Brown's opinion that Ms. Barrington had sent a series of inappropriate emails to supervisors. Ms. Barrington contended that United's explanation served as a pretext.

Ms. Barrington's evidence of falsity fell into six categories:

1. Other supervisory employees believed that Ms. Barrington was generally a satisfactory employee.

2. Ms. Barrington's direct supervisor was supposed to administer Ms. Barrington's performance reviews. This supervisor believed that Ms. Barrington had met all expectations in 2012. But contrary to United's regular policy, Mr. Brown—who did not directly supervise Ms. Barrington—administered Ms. Barrington's 2012 performance review.

3. Ms. Barrington had not been told, prior to the evaluation, that she had done anything wrong.

4. Mr. Brown had a motive to give a negative evaluation because he had been the subject of Ms. Barrington's complaint to United.[2]

5. In the past, United had given poor ratings to employees complaining of gender discrimination.

---

[1] Mr. Brown stated that "[o]perationally," Ms. Barrington's conduct had met expectations. But "Operations" was not a stand-alone category.

[2] Mr. Brown relied partly on Ms. Barrington's frequent assertion of illegitimate claims against other managerial employees. *See* Appellant's App'x at 1287 ("You make frequent claims against station and department leaders with no legitimate grounds for doing so.").

4

6. For Ms. Barrington's 2010 performance review, two United executives had told Ms. Barrington's supervisor to give Ms. Barrington a poor evaluation, which the supervisor did even though she disagreed with this evaluation.

United points to its own evidence, which indicated that Mr. Brown had sincerely believed that Ms. Barrington's 2012 emails were inappropriate. United's evidence weighed against a finding of pretext but did not preclude such a finding. For example, evidence of Mr. Brown's sincerity did not necessarily trump Ms. Barrington's evidence that Mr. Brown had a motive to make a negative evaluation, that he had deviated from United's policy by doing the evaluation himself, that Ms. Barrington had not been criticized in the year leading up to the negative evaluation, and that Ms. Barrington's direct supervisor had opined that Mr. Brown's negative evaluation was inaccurate. These categories of evidence could reasonably have led the jury to regard United's explanation for the 2012 evaluation as pretextual. In addition, Mr. Brown gave Ms. Barrington a negative evaluation even in some areas unrelated to her 2012 emails (such as categories ostensibly involving operations). In light of Ms. Barrington's evidence, the district court erred in failing to instruct the jury on pretext.

Reversed.

Entered for the Court


Robert E. Bacharach
Circuit Judge

5